UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00086-TBR

JAMI W. STEEG,                                                                                    Plaintiff

v.

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE                                                          Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Secretary of Agriculture Thomas J. Vilsack's Motion *in Limine* to Exclude January 18, 2012 Complaint as Evidence that Plaintiff Engaged in Protected Activity. [DN 47.] Plaintiff Jami W. Steeg responded. [DN 64.] No replies were filed. Fully briefed, this matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

BACKGROUND

This matter arises out of the employment of Jami W. Steeg with the United States Department of Agriculture ("USDA"). Steeg, in her suit against Defendant Secretary of Agriculture Thomas J. Vilsack, claims that she was subjected to a hostile work environment, quid pro quo sexual harassment, and was retaliated against in violation of state and federal law. Further detail may be found in this Court's Memorandum Opinion and Order denying Defendant's motion for summary judgment. [DN 30.]

STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor*

1

*Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## DISCUSSION

Defendant seeks an order prohibiting Plaintiff from "relying on her January 18, 2012 [EEOC] Complaint (the "January 18 Complaint") as evidence that she engaged in protected activity under Title VII." [DN 47 at 1.] Specifically, Defendant argues that the January 18 Complaint listed no specific ground upon which Plaintiff was allegedly discriminated against in violation of Title VII, and therefore that "there is no objectively reasonable good-faith belief that the activity Steeg opposed . . . [was] unlawful under Title VII." [*Id.*] The EEO Counselor Report summarizing Plaintiff's January 18 Complaint provided, in relevant part, that Plaintiff "stated that she was discriminated against (failed to state a basis), when on December 26, 2011, she was reassigned from the day shift to the night shift in her position as a Food Inspector with Raleigh district office." [DN 47-1 at 7.] Plaintiff alleged she was reassigned after "[William] Burgess . . . told [her] that Ms. [Angela] Nossinger had filed a grievance against [her]" after Plaintiff

2

"touched Ms. Angela Nossinger's (Food Inspector) shoulder." [*Id.*] Ultimately, Plaintiff decided "she did not want to continue with the EEO process because she did not want to bring any more attention to herself." [*Id.*]

In response, Plaintiff argues that, while she currently does not intend to present the January 18 Complaint at trial, it would nonetheless be premature to exclude the document at this stage. [DN 64 at 1.] Plaintiff states that the January 18 Complaint is "not evidence of Ms. Steeg suffering sexual harassment but, depending on the testimony at trial, it could be evidence of retaliation against Ms. Steeg based on her opposition to Mr. Burgess's advances prior to the episode with the other employee." [DN 64 at 1–2.] Although the Court finds the utility of this document to be questionable at best, the Court agrees with Plaintiff that the document need not be excluded at this stage.

Contrary to Defendant's contention that the filing of the January 18 Complaint was not protected activity within the meaning of 42 U.S.C. § 2000e-3, the Sixth Circuit has explained that

> [t]he "exceptionally broad protections" of the participation clause [of § 2000e–3] extends to persons who have "participated in any manner" in Title VII proceedings. *Pettway v. American Cast Iron Pipe Co.,* 411 F.2d 998, 1006 (5th Cir.1969). Protection is not lost if the employee is wrong on the merits of the charge, *Womack v. Munson,* 619 F.2d 1292, 1298 (8th Cir.1980), *cert. denied,* 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981), nor is protection lost if the contents of the charge are malicious or defamatory as well as wrong. *Pettway,* 411 F.2d at 1007. Thus, once activity in question is found to be within the scope of the participation clause, the employee is generally protected from retaliation.

*Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 582 (6th Cir. 2000) (quoting *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1312 (6th Cir. 1989)). In *Johnson*, for example, the court rejected the district court's "reason[ing] that Plaintiff filed his claim with the EEOC as a protective measure to insure the security of his job . . . and not because he reasonably believed that he was being discriminated against." *Id.* at 581. The court explained that the district court

3

"failed to liberally construe Plaintiff's participation clause claim and instead improperly resolved it as an issue of fact; specifically, the district court improperly determined Plaintiff's motive and good faith in filing the charge." *Id.* at 582. The *Johnson* court concluded, rather, that even if the plaintiff had intended to protect his job, "this does not necessarily imply that Plaintiff did not believe that he suffered retaliation" or that "he had a viable discrimination claim . . . ." *Id.*

The Court is unpersuaded that, here, the mere fact that Plaintiff failed to specify that the discrimination she alleged in the January 18 Complaint was based upon "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2, establishes that Plaintiff could not possibly "have reasonably believed that [s]he was engaging in protected activity when [s]he filed h[er] EEOC complaint." *Johnson*, 215 F.3d at 582. The Court cannot say that the January 18 Complaint is patently "inadmissible for any purpose," *Jonasson*, 115 F.3d at 440, and therefore the Court will deny Defendant's motion.

## CONCLUSION

For the reasons stated herein, Defendant's motion *in limine* to exclude January 18, 2012 Complaint as evidence that plaintiff engaged in protected activity [DN 47] is DENIED.

IT IS SO ORDERED.


cc: Counsel of Record