UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00086-TBR

JAMI W. STEEG,                                                                                    Plaintiff

v.

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE                                                         Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Secretary of Agriculture Thomas J. Vilsack's Motion *in Limine* to Exclude Evidence of Alleged Sexual Harassment of Anyone Other than Plaintiff. [DN 46.] Plaintiff Jami W. Steeg responded. [DN 61.] No replies were filed. Fully briefed, this matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

BACKGROUND

This matter arises out of the employment of Jami W. Steeg with the United States Department of Agriculture ("USDA"). Steeg, in her suit against Defendant Secretary of Agriculture Thomas J. Vilsack, claims that she was subjected to a hostile work environment, quid pro quo sexual harassment, and was retaliated against in violation of state and federal law. Further detail may be found in this Court's Memorandum Opinion and Order denying Defendant's motion for summary judgment. [DN 30.]

STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor*

1

*Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## DISCUSSION

Defendant seeks an order prohibiting Plaintiff from offering "evidence of alleged harassment of any employee or former employee of the USDA or Pilgrim's Pride, other than Plaintiff Jami Steeg." [DN 46 at 1.] Defendant argues that such evidence should be excluded pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b). [*Id.*] In response, Plaintiff argues that "other acts of sexual harassment by Mr. Burgess are relevant and admissible to demonstrate the existence of a hostile work environment and Defendant's actions with respect to that environment." [DN 61 at 2.]

As Plaintiff points out, for purposes of hostile work environment claims, Sixth Circuit precedent "makes clear that the factfinder may consider similar acts of harassment of which a plaintiff becomes aware during the course of his or her employment, even if the harassing acts were directed at others or occurred outside of the plaintiff's presence." *Hawkins v. Anheuser-*

*Busch, Inc.*, 517 F.3d 321, 336 (6th Cir. 2008). Courts have explained that "[t]o consider each offensive event in isolation would defeat the entire purpose of allowing claims based upon a 'hostile work environment' theory, as the very meaning of 'environment' is '[t]he surrounding conditions, influences or forces which influence or modify.'" *Jackson v. Quanex Corp.*, 191 F.3d 647, 660 (6th Cir. 1999) (quoting Black's Law Dictionary 534 (6th ed. 1990)). However,

> [t]his is not to say that a plaintiff's knowledge of other acts of harassment will necessarily establish a hostile work environment, or that a factfinder is required to give significant weight to other acts that are unrelated to the plaintiff's allegations. When determining the relative weight to assign similar past acts of harassment, the factfinder may consider factors such as the severity and prevalence of the similar acts of harassment, whether the similar acts have been clearly established or are mere conjecture, and the proximity in time of the similar acts to the harassment alleged by the plaintiff.

*Hawkins*, 517 F.3d at 336. The Court therefore disagrees with Defendant's argument that such evidence is irrelevant and can be said only to demonstrate an alleged propensity of Bill Burgess or other USDA or Pilgrim's Pride employees to unlawfully harass. For the purpose of supporting Plaintiff's claims of hostile work environment, Sixth Circuit precedent is clear that evidence of similar past harassment, of which Plaintiff became aware during her employment, is relevant and admissible for purposes other than demonstrating propensity.

The Court is further unpersuaded, at this early stage, that the probative value of such evidence would be substantially outweighed by the possibility of prejudice toward Burgess, misleading the jury, waste of time, or confusion of the issues and therefore barred under Rule 403. *See* Fed. R. Evid. 403; [DN 46 at 3–4.] Defendant argues that if evidence of alleged prior harassment were introduced, "Burgess would be forced to defend himself by fully rebutting each of the additional witnesses' assertions, and would need to call numerous additional witnesses and present additional documentary evidence, which has absolutely nothing to do with Plaintiff Steeg," thereby prolonging trial to conduct "mini-trials" of Burgess. [DN 46 at 3–4.] At this early

3

stage, however, it is not yet clear to the Court that this would be the effect, and therefore the Court cannot say that this evidence is patently "inadmissible for any purpose." *Jonasson*, 115 F.3d at 440. The Court will therefore deny Defendant's motion and defer its ruling on this evidentiary issue until trial.

## CONCLUSION

For the reasons stated herein, Defendant's motion *in limine* to exclude evidence of alleged sexual harassment of anyone other than plaintiff [DN 46] is DENIED.

IT IS SO ORDERED.


cc: Counsel of Record