UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00086-TBR

JAMI W. STEEG,                                                                                          Plaintiff

v.

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE                                                          Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Jami W. Steeg's *Motion in Limine* To Exclude Reference to Plaintiffs Prior, Unrelated Lawsuit. [DN 36.] Defendant Secretary of Agriculture Thomas J. Vilsack responded. [DN 55.] No replies were filed. Fully briefed, this matter is now ripe for adjudication. For the following reasons, the motion to exclude reference to Plaintiff's prior, unrelated lawsuit is GRANTED.

BACKGROUND

This matter arises out of the employment of Jami W. Steeg with the United States Department of Agriculture ("USDA"). Steeg, in her suit against Defendant Secretary of Agriculture Thomas J. Vilsack, claims that she was subjected to a hostile work environment, quid pro quo sexual harassment, and was retaliated against in violation of state and federal law. Further detail may be found in this Court's Memorandum Opinion and Order denying Defendant's motion for summary judgment. [DN 30.]

STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor*

1

*Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## DISCUSSION

Plaintiff seeks an order prohibiting Defendant from referencing her participation in a prior personal injury lawsuit Plaintiff filed arising from a car accident. [DN 36 at 1.] Plaintiff argues her prior lawsuit, which was settled, has no bearing on the instant litigation, is irrelevant under Federal Rule of Evidence 401, and would serve only to suggest Plaintiff's current lawsuit "lacks any factual basis because Ms. Steeg has a history of filing lawsuits." [*Id.*] In response, Defendant argues that prohibiting reference to Plaintiff's prior lawsuit at this stage would be premature, as an opportunity to permissibly reference that lawsuit could potentially arise at trial. [DN 55 at 1.] Specifically, Defendant argues that a prior lawsuit "may be relevant at trial to prove bias or prejudice of a witness or to attack a witness's credibility," and that the settlement agreement from Plaintiff's prior lawsuit could be properly admitted "for another purpose," and accordingly not barred by Rule 408. [*Id.*]; Fed. R. Evid. 408(b). The Court disagrees.

2

Evidence is "relevant" if it has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. The standard for relevancy is "liberal" under the Federal Rules of Evidence. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006); *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006). A piece of evidence "does not need to carry a party's evidentiary burden to be relevant; it simply has to advance the ball." *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009). Generally speaking, all relevant evidence is admissible. *See* Fed. R. Evid. 402. No rule, however, is without exception: Even relevant evidence may be excluded "if its probative value is substantially outweighed by [the] danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court enjoys broad discretion when it decides questions of relevance and possible prejudice. *See Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

The Court agrees with Plaintiff that her prior, unrelated personal injury lawsuit irrelevant and therefore inadmissible under Rule 401. The prior suit, which arose out of a car accident, has no bearing on any fact in issue in Plaintiff's current claims of hostile work environment, quid pro quo sexual harassment, and retaliation. However, even if Rule 401 does not operate to exclude reference to the prior lawsuit, Rule 403 certainly does. The marginal, if any, probative value of evidence regarding a prior lawsuit is substantially outweighed by the risk of unfair prejudice to Plaintiff and could result in confusion of the issues for the jury.

The Court is additionally unpersuaded by Defendant's argument that the settlement from Plaintiff's prior lawsuit may be admissible under Rule 408 "for another purpose, such as proving a witness's bias or prejudice . . . ." Fed. R. Evid. 408(b); [DN 55 at 1.] This exception to Rule 408's limitation on the admissibility of evidence relating to compromises and negotiations was

intended to allow evidence of bias or prejudice *resulting* from compromises or negotiations themselves. In *Croskey v. BMW of North America, Inc.*, for example, which Defendant relies upon in his response, the court was persuaded that evidence of prior settlements was relevant to demonstrate that multiple witnesses who had settled claims with BMW may have been biased against it "because their settlement amounts were for less than they had requested." 532 F.3d 511, 519 (6th Cir. 2008). Defendants do not intend to show that Plaintiff's settlement of her entirely unrelated personal injury claim has resulted in bias or prejudice against Defendant in this case in any way. Therefore, Rule 408(b) is inapplicable.

## CONCLUSION

For all the reasons stated herein, Plaintiff's *motion in limine* to exclude reference to Plaintiff's prior, unrelated lawsuit [DN 36] is GRANTED.

IT IS SO ORDERED.

cc: Counsel of Record