UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00086-TBR

JAMI W. STEEG,                                                                    Plaintiff

v.

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE                                          Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Secretary of Agriculture Thomas J. Vilsack's Motion *in Limine* to Exclude Evidence of Non-Probationary Employees as Comparable to Plaintiff. [DN 44.] Plaintiff Jami W. Steeg responded. [DN 62.] No replies were filed. Fully briefed, this matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

This matter arises out of the employment of Jami W. Steeg with the United States Department of Agriculture ("USDA"). Steeg, in her suit against Defendant Secretary of Agriculture Thomas J. Vilsack, claims that she was subjected to a hostile work environment, quid pro quo sexual harassment, and was retaliated against in violation of state and federal law. Further detail may be found in this Court's Memorandum Opinion and Order denying Defendant's motion for summary judgment. [DN 30.]

## STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor*

*Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

DISCUSSION

Defendant seeks an order prohibiting Plaintiff from "admitting evidence of non-probationary employees as comparable to her, a probationary employee." [DN 44.] Plaintiff makes two arguments in response. First, Plaintiff argues that Defendant's motion must be denied because "no comparator is required in this case." [DN 62 at 1.] Specifically, Plaintiff argues that her claims require her to prove only "that she was a member of a protected class who was subjected to unwelcome harassment because of her sex, was subjected to adverse action because of her refusal to submit to the harassment, or suffered adverse action for complaining about such harassment." [*Id.* at 2 (citing *Thornton v. Federal Exp. Corp.*, 530 F.3d 451, 455 (6th Cir. 2008) (hostile work environment elements); *Sanford v. Main Street Baptist Church Manor, Inc.*, 327 Fed. App'x. 587, 596-97 (6th Cir. 2009) (*quid pro quo* sexual harassment elements); 42 U.S.C. § 2000e-3(a) (retaliation elements)).] Plaintiff emphasizes that she makes no claim of sex

2

*discrimination*, which *would* require demonstrating disparate treatment, and therefore that her case does not "require proof of comparable employees." [DN 62 at 2.] If that were all Plaintiff argued in response, it would appear Plaintiff does not actually oppose Defendant's motion. However, Plaintiff goes on to state that, "[t]he remainder of the workforce, whether or not in a probationary period, was not required to accept harassment as a condition of employment. As such, even if a comparator were required in harassment cases, Defendant's entire non-management workforce is a proper comparator." [DN 62 at 3.]

As an initial matter, the Court emphasizes that, although it is not clear Plaintiff intends to introduce any evidence of similarly-situated employees, such evidence would only be relevant to her retaliation claim. A plaintiff has the burden to demonstrate a prima facie face of retaliation. In order to do so,

> a plaintiff must demonstrate that (1) she engaged in activity protected by Title VII; (2) the defendant knew of her exercise of her protected rights; (3) the defendant subsequently took an adverse employment action against the plaintiff or subjected the plaintiff to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the plaintiff's protected activity and the adverse employment action.

*Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516 (6th Cir. 2009) (citing *Morris v. Oldham County Fiscal Ct.,* 201 F.3d 784, 792 (6th Cir.2000)). The Sixth Circuit has explained that, "[i]n determining whether there is a causal relationship between a plaintiff's protected activity and an allegedly retaliatory act, courts may consider whether the employer treated the plaintiff differently from similarly situated individuals . . . ." *Id.* at 516–17 (citing *Allen v. Michigan Dep't of Corr.*, 165 F.3d 405, 413 (6th Cir. 1999) (explaining that "evidence that the defendant treated the plaintiff differently from identically situated employees or that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation.").

Therefore, such evidence in this case could potentially be relevant to Plaintiff's claim of retaliation against Defendant.

The Sixth Circuit has explained that, to be similarly-situated for purposes of comparing the plaintiff to other employees of the employer, "the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in 'all of the *relevant* aspects.'" *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796 (6th Cir. 1994) (emphasis added)). Specifically, in the disciplinary context:

> to be deemed 'similarly-situated' in the disciplinary context, "the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."

*Elgabi v. Toledo Area Reg'l Transit Auth.*, 228 F. App'x 537, 541 (6th Cir. 2007) (quoting *Ercegovich*, 154 F.3d at 352 (6th Cir. 1998) (citations omitted)). The Sixth Circuit has "found probationary status to be a relevant consideration for the similarly-situated inquiry" on multiple occasions. *Id*. at 542 (citing *Cooper v. N. Olmsted*, 795 F.2d 1265, 1270–71 (6th Cir. 1986)).

As of yet, however, Plaintiff has identified no other allegedly similarly-situated employees she may attempt to present evidence of at trial in support of her retaliation claim. Therefore, Plaintiff also has had no opportunity to present evidence regarding the difference between probationary and non-probationary employees at the USDA's Hickory, Kentucky facility, and whether those types of employees can be sufficiently similar. While Sixth Circuit precedent tends to support a finding that, generally, job protections for those two groups of employees are sufficiently different to cause employees from those groups not to be "similarly-situated," the Court finds it premature to make sure a determination as to that point at this time.

4

The Court therefore cannot say that such evidence is patently "inadmissible for any purpose," *Jonasson*, 115 F.3d at 440, and therefore will defer a ruling on this issue until trial.

CONCLUSION

For the reasons stated herein, Defendant's motion *in limine* to exclude evidence of non-probationary employees as comparable to plaintiff [DN 44] is DENIED.

IT IS SO ORDERED.


cc: Counsel of Record