UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00086-TBR

JAMI W. STEEG,                                                              Plaintiff

v.

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE                              Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Secretary of Agriculture Thomas J. Vilsack's Motion *in Limine* to Exclude Secondary Evidence of Claim. [DN 45.] Plaintiff Jami W. Steeg responded. [DN 65.] No replies were filed. Fully briefed, this matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

BACKGROUND

This matter arises out of the employment of Jami W. Steeg with the United States Department of Agriculture ("USDA"). Steeg, in her suit against Defendant Secretary of Agriculture Thomas J. Vilsack, claims that she was subjected to a hostile work environment, quid pro quo sexual harassment, and was retaliated against in violation of state and federal law. Further detail may be found in this Court's Memorandum Opinion and Order denying Defendant's motion for summary judgment. [DN 30.]

STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*,

1

835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## DISCUSSION

Defendant seeks an order "preclud[ing] Plaintiff from relying on Secondary Evidence of her claims as depicted in copies of her notes." [DN 45 at 1.] Specifically, Defendant attached approximately sixty-seven pages of photocopies of notes handwritten by Plaintiff which appear to describe events that allegedly occurred during her employment at the Hickory, Kentucky USDA facility. [DN 45-1.] Defendant argues that the notes, first, are hearsay not within any exception pursuant to Rules 801–803 and second, do not constitute the best evidence and are therefore bared by Rules 1001–1004. [*Id.*] The Court disagrees.

As to Defendant's argument regarding the best evidence rule, Federal Rule of Evidence 1003 provides that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. Contrary to Defendant's proposition, therefore, Plaintiff need not demonstrate the "subsequent loss or destruction" of her original notes. [*See* DN 45 at 1.]

2

Rather, pursuant to Rule 1003, the photocopies are "duplicates" of Plaintiff's notes to which Defendant has raised no question about authenticity or any argument as to why admission would be unfair. Therefore, the photocopies do not violate the best evidence rule.

As to Defendant's argument that copies of Plaintiff's notes constitute "pure hearsay and do not qualify under any exception," [DN 45 at 1], the Court agrees with Plaintiff that a ruling on this matter at this early stage is premature. [*See* DN 65 at 1.] It is unclear to the Court precisely what Plaintiff's handwritten notes, which were provided to Defendant in discovery, appear to make note of. Portions of the notes are not dated, while some are dated with the year 2011, before Plaintiff began working at the Hickory, Kentucky facility, as stated in her complaint. [DN 45-1; *see* DN 1 at ¶ 7.] Some of the notes are brief excerpts, while some are pages long. [DN 45-1.] It is unclear whether the notes were prepared immediately after various events allegedly took place or rather prepared later for the purpose of making a formal complaint or in anticipation of litigation. Although the notes, as out-of-court statements, may constitute hearsay if Plaintiff offers them "to prove the truth of the matter asserted in the statement," Fed. R. Evid. 801(2), it is also possible that Plaintiff could offer the notes for some non-hearsay purpose or that an exception to the rule against hearsay could apply.

Moreover, Plaintiff states in her response that "the notes are not on her Exhibit List and she does not presently expect to use them at trial." [DN 65 at 1.] Because several matters regarding the content and admissibility of Plaintiff's notes remain undetermined, the Court cannot say that this evidence is patently "inadmissible for any purpose," *Jonasson*, 115 F.3d at 440. Therefore, the Court will deny Defendant's motion to exclude at this time. If Plaintiff ultimately seeks to introduce the notes at trial, the Court will entertain further arguments regarding admissibility at that time.

## CONCLUSION

For the reasons stated herein, Defendant's motion *in limine* to exclude secondary evidence of claim [DN 45] is DENIED.

IT IS SO ORDERED.

cc: Counsel of Record