UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00086-TBR

JAMI W. STEEG,                                                          Plaintiff

v.

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE                                 Defendant

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Secretary of Agriculture Thomas J. Vilsack's Motion *in Limine* to Exclude Evidence of Stray Remarks. [DN 48.] Plaintiff Jami W. Steeg responded. [DN 63.] No replies were filed. Fully briefed, this matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

### BACKGROUND

This matter arises out of the employment of Jami W. Steeg with the United States Department of Agriculture ("USDA").   Steeg, in her suit against Defendant Secretary of Agriculture Thomas J. Vilsack, claims that she was subjected to a hostile work environment, quid pro quo sexual harassment, and was retaliated against in violation of state and federal law. Further detail may be found in this Court's Memorandum Opinion and Order denying Defendant's motion for summary judgment. [DN 30.]

### STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*,

835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## DISCUSSION

Defendant seeks an order prohibiting Plaintiff from offering evidence of a comment allegedly made by her Supervisor, Bill Burgess, "about someone 'getting into her pants.'" [DN 48 at 1.] It appears Plaintiff originally discussed this comment in her response to Defendant's motion for summary judgment [DN 23 at 5–6], in which she alleged that, after two employees inquired as to why Burgess continued to take Plaintiff "off the line," Burgess responded "if you were trying to get into her pants, you would be getting her off the line, too." [DN 23 at 6 (citing DN 23-5 at 6; DN 23-6 at 4.] Defendant argues that this comment constitutes a "stray remark" and is therefore "irrelevant, unduly prejudicial, confuses the issues, and amounts to improper character evidence." [*Id.*] Defendant additionally argues that, as Plaintiff did not learn of the alleged remark until she was in the process pursuing a complaint with the Equal Employment Opportunity Commission, the comment cannot possibly be "probative of whether Plaintiff was

exposed to a hostile work environment." [*Id.* (citing *Perry v. United Parcel Serv.*, 134 F.3d 372 (6th Cir. 1997)).]

The "stray remarks" doctrine, in essence, provides that "direct evidence [of discrimination] does not include stray remarks in the workplace, particularly those made by non-decisionmakers or statements made by decisionmakers unrelated to the decisional process itself." *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 96 (1st Cir. 1996) (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring) ("[S]tray remarks in the workplace . . . cannot justify requiring the employer to prove that its hiring or promotion decisions were based on legitimate criteria. Nor can statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself, suffice to satisfy the plaintiff's burden . . . .")). Stray remarks are "general, vague, or ambiguous comments [and] do not constitute direct evidence of discrimination because such remarks require a factfinder to draw further inferences to support a finding of discriminatory animus." *Sharp v. Aker Plant Servs. Grp., Inc.*, 726 F.3d 789, 798 (6th Cir. 2013) (quoting *Daugherty v. Sajar Plastics, Inc.,* 544 F.3d 696, 708 (6th Cir.2008)).

As an initial matter, the Court finds the stray remarks doctrine to be inapplicable to this matter. First, although stray remarks do not constitute direct evidence and are, alone, insufficient to satisfy "'the plaintiff's burden' of demonstrating animus," *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 550 (6th Cir. 2004) (quoting *Bush v. Dictaphone Corp.,* 161 F.3d 363, 369 (6th Cir.1998); *Price Waterhouse*, 490 U.S. at 277), this is not to say that such remarks are entirely *inadmissible*. In fact, "[i]t is the rare situation when direct evidence of discrimination is readily available, thus victims of employment discrimination are permitted to establish their cases through inferential and circumstantial proof." *Kline v. Tennessee Valley Auth.*, 128 F.3d

337, 348 (6th Cir. 1997) (citing *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983)). Indeed, the Sixth Circuit has recognized that although stray remarks, "standing alone, generally do not support an inference of discrimination, the comments . . . are not categorically excludable." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 356 (6th Cir. 1998) (citing *Walden v. Georgia–Pacific Corp.,* 126 F.3d 506, 521 (3d Cir. 1997), *cert. denied,* 523 U.S. 1074 (1998)). Rather, "[c]ircumstantial evidence establishing the existence of a discriminatory atmosphere at the defendant's workplace in turn may serve as circumstantial evidence of individualized discrimination directed at the plaintiff." *Id.* (citing *Parker v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 891 F.2d 316, 322 (D.C. Cir. 1989)). Therefore, while it is well-established that such stray remarks are not "conclusive proof," they can still "add 'color' to the employer's decisionmaking processes and to the influences behind the actions taken with respect to the individual plaintiff." *Conway v. Electro Switch Corp.*, 825 F.2d 593, 597 (1st Cir. 1987), *certified question answered*, 402 Mass. 385, 523 N.E.2d 255 (1988). Accordingly, this doctrine does not operate to exclude all stray remarks from evidence.

Moreover, Justice O'Connor noted in *Price Waterhouse* that while stray remarks do not constitute direct evidence, they nonetheless are "perhaps *probative* of sexual harassment." *Price Waterhouse*, 490 U.S. at 277 (emphasis added). Here, both Plaintiff's quid pro quo and hostile work environment claims require proof that the plaintiff "was subjected to unwelcome sexual harassment" that was "based on [plaintiff's] sex." *Sanford v. Main St. Baptist Church Manor, Inc.*, 327 F. App'x 587, 595–96 (6th Cir. 2009). Plaintiff alleged in her motion for summary judgment that Burgess made a comment to two other employees, Wayne Richards and Nathan Kohl, that "if you were trying to get into her pants, you would be getting her off the line, too."

[DN 23 at 6 (citing DN 23-5 at 6; DN 23-6 at 4.] The Court finds this comment to be probative of and relevant to Plaintiff's claims of sexual harassment.

With regard to Plaintiff's hostile work environment claim, Defendant argues that, because Plaintiff did not become aware of the alleged remark until *after* her termination, the alleged remark is inadmissible because it could not possibly have contributed to what Plaintiff alleges was sexual harassment on the basis of a hostile work environment. [DN 48 at 2–3.] The Sixth Circuit has indeed held that evidence of discriminatory comments must be those "of which a plaintiff becomes aware during the course of his or her employment." *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 336 (6th Cir. 2008). Defendant argues that this alleged comment did not come to light until after Plaintiff was terminated, filed her EEO complaint, and the Office of the Inspector General conducted an investigation of Burgess. [*See* DN 22-1 at 6 (citing DN 22-3).]

While this may be the case, and the Court acknowledges that the comment accordingly may not be admissible for the purpose of demonstrating Plaintiff's subjective perception of a hostile work environment, the Court is nonetheless persuaded that the comment is relevant to, at the very least, Plaintiff's quid pro quo sexual harassment claim. The Court therefore cannot say that this evidence is patently "inadmissible for any purpose," *Jonasson*, 115 F.3d at 440, and the Court will deny Defendant's motion. Should Defendant wish to tender a proposed limiting instruction to the Court regarding the admissibility of the comment allegedly made by Burgess, Defendant is free to do so.

CONCLUSION

For the reasons stated herein, Defendant's motion *in limine* to exclude evidence of stray remarks [DN 48] is DENIED.

IT IS SO ORDERED.

cc: Counsel of Record