UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00086-TBR

JAMI W. STEEG,                                                                                     PLAINTIFF

v.

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Secretary of Agriculture Thomas J. Vilsack's Motion for Costs and Expert Fees, [DN 96.] Plaintiff Jami W. Steeg responded, [DN 97], and Defendant replied, [DN 98.] Fully briefed, this matter is ripe for adjudication, and for the following reasons, Defendant's motion, [DN 96], is **GRANTED IN PART** and **DENIED AS MOOT IN PART**.

BACKGROUND

This action came before the Court for a trial by jury on November 7, 2016. [DN 42 (Scheduling Order).] On November 10, 2016, the jury returned its verdict, finding that Defendant did not sexually harass or retaliate against Plaintiff. [*See* DN 90 (Jury Verdict).] The Court thereafter entered judgment in Defendant's favor. [DN 92 (Judgment).] Defendant timely submitted this verified motion for costs, accompanied by invoices of the various expenses. [*See* DN 96 (Verified Motion for Costs) and accompanying exhibits.] Defendant's trial counsel, Assistant United States Attorney Jessica Malloy, stated that the costs Defendant seeks were necessarily incurred in this case. [DN 96-2.] Defendant seeks to recover three costs in this matter: (1) the costs associated with deposing seven individuals who testified at trial, 2) the cost of obtaining transcripts of Plaintiff's phone recordings, and 3) witness attendance costs for six

1

witnesses.[1] [*See* DN 96-1 at 1–7 (Memorandum in Support of Verified Motion for Costs).] Plaintiff objects, in part, to each of these items. [*See* DN 97 at 1–4 (Plaintiff's Response).]

STANDARD

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is generally allowed to recover its costs, other than attorney's fees. 28 U.S.C. § 1920 specifies what costs may be taxed. Any costs taxed by the Court must be allowed under § 1920, and must be reasonable and necessary in amount. *See BDT Prods, Inc. v. Lenmark Int'l., Inc.*, 405 F.3d 415, 417 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012). There is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d). *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *Ford v. FedEx Supply Chain Servs., Inc.*, 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009).

DISCUSSION

**1) Deposition Costs**

First, Defendant seeks reimbursement for deposition expenses for seven witnesses, including transcript fees, videography fees, court reporter fees, and index fees, for a total of $1,758.85. Plaintiff objects solely to the costs associated with videotaping her two depositions, arguing that the videotapes were not played for the jury and were not necessary to the Defense's preparation of its case. [DN 97 at 1–2.] Therefore, Plaintiff objects to the $305 cost of videotaping her October 27, 2015 deposition and the $400 cost of videotaping her April 21, 2016 deposition. [*Id.* at 1.]

---

[1] Though Defendant also initially sought reimbursement for certain expert witness fees, [DN 96-1 at 7], after Plaintiff objected to those costs, Defendant withdrew its request for those fees. [DN 97 at 3–4; DN 98 at 5.] Accordingly, those costs will not be awarded.

Section 1920 allows for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This Circuit accords with other circuit and district courts in recognizing that video deposition costs are taxable under § 1920 and that both stenographic transcripts and videotaped depositions, together, may be taxed. *See, e.g., BDT Prods.,* 405 F.3d at 420 (citing *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1477 (10th Cir. 1997)) (holding that "videotape depositions are taxable under § 1920" and that "it was proper to tax both the cost of videotaping and transcribing the deposition"); *Tilton,* 115 F.3d 1477–78 ("[T]he costs associated with videotaping a deposition are taxable under [§ ] 1920(2) . . . . "[T]he district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the seven videotaped depositions."); *Baisden v. I'm Ready Prods., Inc.,* 793 F.Supp.2d 970, 978 (S.D. Tex. 2011) (awarding costs for both "videotaped and stenographic versions of the depositions of [eleven witnesses]" under § 1920(2)); *Campbell v. Triad Fin. Corp.*, No. 5:07-CV-579, 2007 WL 4561525 (N.D. Ohio Dec. 21, 2007) (awarding costs for both videotaped depositions and stenographic transcripts of those depositions); *Meredith v. Schreiner Transp., Inc.,* 814 F.Supp. 1004, 1005–06 (D. Kan. 1993) (same).

Because the Court does not find the requested costs are unreasonable, and in light of the Sixth Circuit's decision in *BDT Products, Inc. v. Lexmark International, Inc.* and the trend among federal courts, the Court will follow the prevailing practice of allowing taxation of both videotaped depositions and stenographic transcripts. Therefore, the Court will overrule Plaintiff's objections to the video deposition expenses claimed by Defendant. *See Hyland v. HomeServices of Am., Inc.,* 2013 WL 1904513 (W.D.Ky. May 7, 2013) (Russell, J.) (awarding costs for both videotaped depositions and stenographic transcripts of those depositions); *Graham v. City of*

*Hopkinsville, Ky.*, No. 5:12-CV-23, 2013 WL 4456685, at *2 (W.D. Ky. Aug. 16, 2013) (Russell, J.) (same).

**2) Transcripts of Phone Calls**

Second, Defendant seeks reimbursement of $339.00, which it paid to have transcriptions made of two telephone calls that were recorded and produced by Plaintiff. [DN 96-1 at 4–8.] Plaintiff objects to this cost, arguing that Defendant only played small portions of the recordings at trial and that the portions played were not hard to understand and therefore did not require transcripts. [DN 97 at 2.] In its reply, Defendant argues that it was necessary to transcribe the recordings during its trial preparation because many were of poor quality and therefore Defendant needed transcriptions to fully understand the contents of the conversations for potential use at trial. [DN 98 at 3.] Moreover, though it ultimately did not present the transcribed recordings at trial, the transcripts were marked as exhibits and provided to the jury during deliberations. [*Id.*] Based on the foregoing explanation, the Court agrees that, under § 1920, this cost was one for "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Because this cost was reasonable, the Court will allow it.

**3) Witness Costs**

Third, Defendant seeks witness attendance costs of $4,609.06 for six witnesses, including travel expenses, hotel costs, and per diem payments. [DN 96-1 at 5–7.] Plaintiff objects to the costs associated with three of these witnesses, Timothy Carter, Victoria Rosas, and Arlene Ashton. [DN 97 at 2–3.] Specifically, Plaintiff argues that none of these witnesses were necessary and that each arrived in Paducah earlier than necessary and therefore incurred more hotel and per diem expenses than required. [DN 97 at 2–3.] With regard to one witness, Victoria Rosas, Plaintiff argues that the cost of a $1031.50 round-trip plane ticket from Atlanta was

unreasonable and unnecessary when an approximately 6-hour drive from Atlanta to Paducah could have cost significantly less. [*Id.* at 3.]

In its reply, Defendant explains why these three witnesses were necessary to its defense. First, Defendant argues that, because Plaintiff testified about verbal conversations she had with Carter regarding the alleged harassment she experienced, Carter was necessary to "explain his side of the conversations or the lack thereof." [DN 98 at 4.]

Next, Defendant asserts that "Ashton was a necessary witness, because she rebutted Plaintiff's allegations that she engaged in a protected activity by filing her January Equal Employment Opportunity Complaint." [*Id.*] Specifically, Aston testified that, after Plaintiff filed her January Complaint and "after learning about the potentials rights and remedies, Plaintiff stated that she was not discriminated against based on a protected basis." [*Id.*]

Last, Defendant contends that Rosas was also a necessary witness because "[s]he was the decision maker responsible for Plaintiff's termination. Accordingly, her testimony was needed to establish that Plaintiff's termination was not based on pretext." [*Id.*] Based on each of these explanations, the Court disagrees with Plaintiff that none of these witnesses were necessary because certain matters to which they testified could have been presented through other means at trial. Rather, the Court finds Defendants' explanation as to the necessity of these witnesses reasonable.

With regard to Plaintiff's argument that one witness, Rosas, should have driven rather than flown from Atlanta, the Court again disagrees. Section 1920 identifies as taxable "[f]ees and disbursements for . . . witnesses." 28 U.S.C. § 1920(3). Title 28, § 1821 provides that "[a] witness who travels by common carrier *shall* be paid for the actual expenses of travel on the basis of the means of transportation *reasonably* utilized." 28 U.S.C. § 1821(c)(1) (emphasis

added). Moreover, § 1821 provides that "[a[ll normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920." 28 U.S.C. § 1821(c)(4). Here, though Plaintiff is likely correct that driving would have been less costly than flying, this does not make the decision to use air travel "[un]reasonable," nor does it make the use of a flight an "[ab]normal travel expense[]." 28 U.S.C. § 1821(c)(1), (c)(4). Moreover, Defendant further explains that it "worked to cut costs by asking Rosas to utilize her rental vehicle to transport other witnesses (like Ashton who do[es] not drive) to and from the courthouse and to and from the airport. Accordingly, Rosas's mode of transportation permitted the United States to save on the cost of hiring a private driver for Ashton." [DN 98 at 4–5.] In total, the Court finds that the expenses associated with Rosas's air travel were reasonable and taxable under § 1920 and § 1821.

Finally, Plaintiff alleges that each of these three witnesses incurred more expenses than necessary by arriving in Paducah days before they actually testified. [DN 97 at 2–3.] But, as the Defendant points out, "the United States was defending the case," and therefore "the timing of each witness's testimony could not be adjudged prior to trial, and the United States could not anticipate the length of Plaintiff's case-in-chief. Instead, the witnesses had to be readily available in Kentucky to testify once Plaintiff's case-in-chief closed." [DN 98 at 5.] The Court finds this argument persuasive, and therefore that the witnesses' travel and hotel expenses are properly taxed as costs under § 1920 and § 1821.

CONCLUSION

For the foregoing reasons, Defendant's motion for costs, [DN 96], is **GRANTED IN PART and DENIED AS MOOT IN PART**. The following costs are awarded:

Deposition costs:	$1,758.85

Transcription costs:	$339.00

| | |
|---|---|
| Witness costs: | $4,609.06 |
| Total: | $6,706.91 |

**IT IS SO ORDERED.**

Date:

cc: Counsel