UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00086-TBR

JAMI W. STEEG,                                                          PLAINTIFF

v.

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Jami W. Steeg's motion for reduction and/or elimination of costs, [DN 103] and motion for reconsideration of the Court's order imposing costs, [DN 105.] Defendant Secretary of Agriculture Thomas J. Vilsack's responded, [DN 113], and Defendant replied, [DN 98.] Fully briefed, this matter is ripe for adjudication, and for the following reasons, Plaintiff's motions, [DN 103; DN 105], are **DENIED**.

BACKGROUND

This action came before the Court for a trial by jury on November 7, 2016. [DN 42 (Scheduling Order).] On November 10, 2016, the jury returned its verdict, finding that Defendant did not sexually harass or retaliate against Plaintiff. [*See* DN 90 (Jury Verdict).] The Court thereafter entered judgment in Defendant's favor on all claims. [DN 92 (Judgment).] Defendant timely submitted a verified motion for costs, accompanied by invoices of the various expenses. [*See* DN 96 (Verified Motion for Costs) and accompanying exhibits.] Defendant's trial counsel, Assistant United States Attorney Jessica Malloy, stated that the costs Defendant seeks were necessarily incurred in this case. [DN 96-2.] Defendant sought to recover three costs: (1) the costs associated with deposing seven individuals who testified at trial, 2) the cost of obtaining

1

transcripts of Plaintiff's phone recordings, and 3) witness attendance costs for six witnesses.[1] [*See* DN 96-1 at 1–7 (Memorandum in Support of Verified Motion for Costs).] The Court granted Defendants motion with respect to each of those categories of costs. [DN 100.]

Thereafter, Plaintiff appealed the Court's decision as to costs to the Sixth Circuit Court of Appeals, [DN 101.] Plaintiff then filed a motion for reduction or elimination of the costs imposed by the Court and a separate letter, which the Court construes as a motion requesting the Court to reconsider its Order imposing such costs. [DN 103; DN 105.] Before the Sixth Circuit can address Plaintiff's appeal, the Court must rule on her pending motions. [DN 108 (Notice from United States Court of Appeals).]

STANDARD

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, Civil Action No. 5:11-CV-00034-TBR, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013). Rule 59(e) motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Pursuant to Rule 59(e), "a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). "A district court, generally speaking, has considerable discretion in deciding whether to grant [such a] motion, and as a result [the

---

[1] Though Defendant also initially sought reimbursement for certain expert witness fees, [DN 96-1 at 7], after Plaintiff objected to those costs, Defendant withdrew its request for those fees. [DN 97 at 3–4; DN 98 at 5.] Accordingly, those costs were not awarded.

Sixth Circuit] review[s] these types of decisions for abuse of discretion." *Id.* (citing *Morse v. McWhorter,* 290 F.3d 795, 799 (6th Cir. 2002)).

DISCUSSION

In her instant motions, Plaintiff requests that the Court reconsider its Order awarding costs in the amount of $6,706.91 to Defendant by either reducing or entirely eliminating the amount. [DN 103; DN 105.] Plaintiff also submitted a letter from her mother urging the Court to reconsider the award of costs. [DN 106 (Letter from Cheryl Steeg).] Additionally, Plaintiff sent another letter to the Court questioning the necessity of costs related to various witnesses. [DN 114.]

In her motions, Plaintiff largely makes arguments that were already raised in her response to Defendant's motion for costs, [DN 97.] For instance, Plaintiff argues that the videotaping her deposition was unnecessary, that many other transcripts and recordings were unnecessary or not used at trial, and that the travel, lodging, and per diem expenses for many witnesses were unreasonable. [DN 103; DN 105; DN 114.] Plaintiff previously made each of these arguments, however, [DN 97], and the Court addressed each in its Order imposing costs. [DN 100.] Therefore, the Court will not rehash these arguments here.

It appears that the only new argument Plaintiff raises in her motions is a claim that the USDA failed to properly submit all documentation of its costs and expenses, [DN 103 at 1; DN 105 at 6.][2] For instance, Plaintiff claims that "[t]here w[ere] a few receipts that were also missing per my attorney and my findings." [DN 105 at 6.] However, Plaintiff does not specify which costs she claims were allegedly unsubstantiated by the appropriate receipts. Moreover, the Sixth Circuit has repeatedly held that, under Rule 59(e), "a motion to reconsider generally is not a

---

[2] Though Plaintiff also appears to argue that the trial was rushed and that jurors were ready to go home on the last day of trial, [DN 103 at 2], these are not grounds for reducing the United States' award of costs, and therefore the Court will not address these arguments.

3

vehicle to reargue a case; it may not be used to raise arguments that could have been raised on initial consideration." *United States v. LaDeau*, 734 F.3d 561, 572 (6th Cir. 2013); *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[P]arties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."). Here, Plaintiff and her attorney had a full and complete opportunity to review the United States' documentation of its costs and expenses upon this Court's initial consideration of the United States' motion for costs. Nowhere in Plaintiff's response to that motion did she ever mention a lack of proper documentation. [*See* DN 97 (Plaintiff's Response to Defendant's Motion for Costs).] Accordingly, the Court will not consider that argument now.

Finally, both Plaintiff and her mother urge the Court that Plaintiff was the subject of workplace harassment which caused her great emotional distress and harm, and therefore that Plaintiff should not be charged with the costs of bringing suit. The Court sympathizes with Plaintiff, but must note that the jury did not find in favor of Plaintiff on her claims at trial. And, as the Court explained in its Order granting costs, the law is clear that "costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court thoroughly reviewed the United States' requested costs in its motion, and, after determining each were reasonable and necessary, awarded the amount of $6,706.91. The Court does not find that Plaintiff has satisfied Rule 59(e)'s standard of demonstrating an error of law, newly discovered evidence, an intervening change in the law, or a need to prevent manifest injustice. *See Leisure Caviar*, 616 F.3d at 615 (quoting *Intera Corp.,* 428 F.3d at 620). Therefore, Plaintiff has not convinced the Court that it should reconsider its prior Order awarding costs to the United States.

CONCLUSION

For the reasons discussed herein, Plaintiff's motion for reduction or elimination of costs incurred due to trial, [DN 103], and motion for reconsideration, [DN 105], are **DENIED**. **IT IS SO ORDERED**.

Date:

cc:    Counsel

       and

       Jami Steeg
       271 Titanium Ln
       Jackson, MO 63755
       PRO SE