UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00086-TBR

JAMI W. STEEG, PLAINTIFF

v.

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Jami W. Steeg's motion "to prevent manifest injustice" and motion to appeal in forma pauperis. [DN 120; DN 121.] Because the Court has already addressed and rejected all of Steeg's arguments, the Court will deny both motions.

BACKGROUND

This action came before the Court for a trial by jury on November 7, 2016. [DN 42 (Scheduling Order).] On November 10, 2016, the jury returned its verdict, finding that Defendant did not sexually harass or retaliate against Plaintiff Jami Steeg. [*See* DN 90 (Jury Verdict).] The Court thereafter entered judgment in Defendant's favor on all claims. [DN 92 (Judgment).] Defendant timely submitted a verified motion for costs, accompanied by invoices of the various expenses. [*See* DN 96 (Verified Motion for Costs) and accompanying exhibits.] Defendant's trial counsel, Assistant United States Attorney Jessica Malloy, stated that the costs Defendant seeks were necessarily incurred in this case. [DN 96-2.] Defendant sought to recover three costs: (1) the costs associated with deposing seven individuals who testified at trial, 2) the cost of obtaining transcripts of Plaintiff's phone recordings, and 3) witness attendance costs for six witnesses.[1]

---

[1] Though Defendant also initially sought reimbursement for certain expert witness fees, [DN 96-1 at 7], after Plaintiff objected to those costs, Defendant withdrew its request for those fees. [DN 97 at 3–4; DN 98 at 5.] Accordingly, those costs were not awarded.

1

[*See* DN 96-1 at 1–7 (Memorandum in Support of Verified Motion for Costs).] The Court granted Defendants motion with respect to each of those categories of costs, awarding a total amount of $6,706.91. [DN 100.]

Thereafter, Plaintiff appealed the Court's decision as to costs to the Sixth Circuit Court of Appeals, [DN 101.] Plaintiff then filed a motion for reduction or elimination of the costs imposed by the Court and a separate letter, which the Court construed as a motion requesting the Court to reconsider its Order imposing such costs. [DN 103; DN 105.] The Court denied both of Plaintiff's motions, finding that those motions largely raised arguments that were already raised in her response to Defendant's motion for costs, [DN 97], which the Court had already addressed in its Order imposing costs. [DN 100.]

Plaintiff also raised one new argument, asserting that Defendant failed to submit all of the required documentation for its claimed costs. [DN 103 at 1; DN 105 at 6.] The Court rejected this argument for two reasons; first because Steeg did not specify which documentation was allegedly missing, and second, because under Rule 59(e), "a motion to reconsider generally is not a vehicle to reargue a case; it may not be used to raise arguments that could have been raised on initial consideration." *United States v. LaDeau*, 734 F.3d 561, 572 (6th Cir. 2013); *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[P]arties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."). Steeg failed to raise this issue in her initial opposition to Defendant's motion for costs.

Finally, the Court addressed Plaintiff and her mother's arguments that Plaintiff was the subject of workplace harassment which caused her great emotional distress and harm, and therefore that Plaintiff should not be charged with the costs of bringing suit. The Court

2

explained, however, that the jury did not find in favor of Plaintiff on these claims at trial. And, as the Court explained in its Order granting costs, the law is clear that "costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Most recently, Plaintiff filed a motion "to prevent manifest injustice" and a motion to appeal in forma pauperis. [DN 120; DN 121.]

DISCUSSION

Plaintiff's motion to prevent manifest injustice largely repeats the same arguments she made in her response to Defendant's motion for costs and in her motions for reconsideration. In detail, Plaintiff argues that her claims of sexual harassment or retaliation were "the truth and it happened. The defendant (Bill Burgess) walked away, with my dignity, my job, livelihood and any ability to feel normal in my life." [DN 120 at 1.] She further states that "sexual harassment [ ] is everywhere" and that "[i]t is unfortunate that [she] had to live it." [*Id.*] In sum, Plaintiff asks the Court not "to allow any more injustice to take place" by requiring Plaintiff to pay costs. [*Id.* at 2.]

The Court sympathizes with Plaintiff's arguments. However, the Court must follow the law. Plaintiff had the opportunity to present her claims to a jury, and the jury found in favor of the Defendant. As the Court has already explained, the law is clear that "costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Accordingly, the Court will not reduce or eliminate the award of costs to Defendant.

Finally, Plaintiff has moved to appeal in forma pauperis. [DN 121.] However, Plaintiff already filed an in forma pauperis motion in this Court in June 2017. [DN 104.] The Court denied that motion, finding that Plaintiff's appeal is frivolous and not taken in good faith. [DN 117.] Plaintiff next filed a motion to proceed in forma pauperis with the Sixth Circuit Court of

Appeals. The Sixth Circuit likewise denied her motion "because there is no non-frivolous argument that the district court's award of costs was an abuse of discretion." [DN 122.] Now, Plaintiff has filed yet another in forma pauperis motion in this Court, [DN 121.] For the same reasons as the Court stated previously, that motion is denied.

CONCLUSION

For the reasons discussed herein, Plaintiff's motions to prevent manifest injustice and to appeal in forma pauperis, [DN 120; DN 121], are **DENIED**.

**IT IS SO ORDERED**.

Date:

cc: Counsel

and

Jami Steeg
271 Titanium Ln
Jackson, MO 63755
PRO SE